IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLY DIM SUM GARDEN, INC. doing business as "Tom's Dim Sum" and DIM SUM HOUSE, INC. doing business as "Tom's Dim Sum". <br><br> Plaintiffs <br><br> v. <br><br> DIM SUM MANIA, LLC doing business as "Tom's Dim Sum Mania" and JINTAO GUO a/k/a TOM GUO doing business as "Tom's Dim Sum Mania" <br><br> Defendants | Civil Action No.: |

## COMPLAINT

Plaintiffs Philly Dim Sum Garden, Inc. ("Garden") and Dim Sum House, Inc. ("House") (collectively, "Plaintiffs"), by and through their undersigned attorney, James L. Pearl, Esquire, for their Complaint against Defendants Dim Sum Mania, LLC ("Mania") and Jintao Guo also known as Tom Guo ("Guo") (collectively, "Defendants") alleges as follows:

### THE PARTIES

1.  Garden is a corporation duly incorporated and validly existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 59 N. 11th Street, Philadelphia, Pennsylvania 19107.

2.  Since November, 2013, Garden has been operating a Chinese restaurant at 59 N. 11th Street, Philadelphia, Pennsylvania 19107 doing business as "Tom's Dim Sum".

3.  Tom's Dim Sum, LLC is also the sole shareholder of Garden.

1

4. House is a corporation duly incorporated and validly existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 13 E. State Street, Media, Pennsylvania 19063.

5. Since July 26, 2016, House has also been operating a Chinese restaurant at 13 E. State Street, Media, Pennsylvania 19063 doing business as "Tom's Dim Sum".

6. Tom's Dim Sum, LLC is also the sole shareholder of House.

7. Both Plaintiffs' use of the name "Tom's Dim Sum" arises from both entities having common ownership by Tom's Dim Sum, LLC, as the sole shareholder of both Plaintiffs, and consistent with expanding their overall businesses and increasing the brand recognition of "Tom's Dim Sum".

8. Mania is a limited liability company organized and validly existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 17-19 E. State Street, Media, Pennsylvania 19063.

9. The members of Mania are Dai Zhang ("Zhang") and Qun Lin ("Lin").

10. Zhang is a citizen of the Commonwealth of Pennsylvania with an address at 9886 Cowden Street, Philadelphia, Pennsylvania 19115.

11. Upon information and belief, Lin is citizen of the Commonwealth of Pennsylvania with an address at 4001 Paul Street, Philadelphia, Pennsylvania 19124.

12. Upon information and belief, Guo is a citizen of the Commonwealth of Pennsylvania with an address at 17-19 E. State Street, Media, Pennsylvania 19063.

13. As further set forth herein, upon information and belief, Guo may also the "owner" of Mania.

14. On July 18, 2019, Mania and, upon information and belief, Guo, opened a Chinese restaurant at 17-19 E. State Street, Media, Pennsylvania 19063 doing business as "Tom's Dim Sum Mania".

## JURISDICTION AND VENUE

15. This Court has original subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as a federal questions as Plaintiffs' claims arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

16. This Court also has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a) as Plaintiffs' state-laws claims are so related to Plaintiffs' federal claims and 28 U.S.C. § 1367(a) provides, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

17. This Court also has person jurisdiction over Defendants as Mania has its principal place of business in this judicial district, Guo may be served in this judicial district and each of the Defendants conduct business in this judicial district.

18. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside in this judicial district and pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

19. As already set forth herein, Tom's Dim Sum, LLC is the sole shareholder of both Plaintiffs.

20. The members of Tom's Dim Sum, LLC are Jin Wang ("Wang"), Mei Zhi Liu ("Liu"), Zhang and You Hui Cao ("Cao").

21. Wang and Liu each own 33.33% of the membership interests in Tom's Dim Sum, LLC and Zheng and Cao each own 16.67% of the membership interests in Tom's Dim Sum, LLC.

22. As also already set forth herein, since November, 2013, Garden has been operating a Chinese restaurant at 59 N. 11th Street, Philadelphia, Pennsylvania 19107 doing business as "Tom's Dim Sum".

23. As also already set forth herein, since July 26, 2016, House has been operating a Chinese restaurant at 13 E. State Street, Media, Pennsylvania 19063 doing business as "Tom's Dim Sum".

24. As also already set forth herein, Plaintiffs' use of the name "Tom's Dim Sum" arises from both entities having common ownership by Tom's Dim Sum, LLC, as the sole shareholder of Plaintiffs, and consistent with expanding their overall businesses and increasing the brand recognition of "Tom's Dim Sum".

25. In addition, for many years, in the Philadelphia metropolitan area, the public has also recognized both of Plaintiffs' restaurants as "Tom's Dim Sum".

26. The use of the name "Tom's Dim Sum" by both of Plaintiffs' restaurants is also inherently distinctive to Plaintiffs' businesses and considered to be arbitrary and suggestive marks.

27. Prior hereto, and until on or about September 4, 2018, Guo was managing the daily operations of Plaintiffs' restaurants.

28. As also already set forth herein, on July 18, 2019, Mania and, upon information and belief, Guo, opened a Chinese restaurant at 17-19 E. State Street, Media, Pennsylvania 19063 doing business as "Tom's Dim Sum Mania".

29. House's restaurant operating as "Tom's Dim Sum" and Defendants' restaurant operating as "Tom's Dim Sum Mania" are located only approximately 20 feet from each other. Photographs of House's "Tom's Dim Sum" and Defendants' "Tom's Dim Sum Mania" are attached hereto as Exhibit A.

30. When customers call Defendants' restaurant, Defendants' restaurant also identifies itself as "Tom's Dim Sum Mania".

31. Defendants' restaurant also identifies itself as "Tom's Dim Sum Mania" on the banner sign advertising their business and on the glass windows and the doors of their restaurant.

32. On July 29, 2019, WTXF-FOX 29 Philadelphia ran a story titled *Delco Turf Battle: Owner of 'Tom's Dim Sum Mania' opens up new restaurant 20 feet away from his former partner of 'Tom's Dim Sum Media'*. The video of WTXF-FOX 29 Philadelphia's story titled *Delco Turf Battle: Owner of 'Tom's Dim Sum Mania' opens up new restaurant 20 feet away from his former partner of 'Tom's Dim Sum Media'* is located at https://www.fox29.com/video/589288 and a copy of the video is also attached hereto in Exhibit B.

33. In WTXF-FOX 29 Philadelphia's video/story, Guo is identified as the "Owner of Tom's Dim Sum Mania, LLC".

34. However, despite any statements to the contrary made by Guo in FOX 29 Philadelphia's video/story, at no time has Guo been a member, officer or partner of Tom's Dim Sum, LLC, at no time has Guo been a shareholder, officer or partner of Garden and/or at no time has Guo been a shareholder, officer or partner of House.

## COUNT I
### VIOLATION OF LANHAM ACT (15 U.S.C. §§ 1051 et seq.)

35. Plaintiffs hereby incorporate the preceding paragraphs by reference as though the same are fully set forth herein.

36. As already set forth herein, for many years, in the Philadelphia metropolitan area, the public has also recognized both of Plaintiffs' restaurants as "Tom's Dim Sum".

37. As also already set forth herein, the use of the name "Tom's Dim Sum" by both of Plaintiffs' restaurants is inherently distinctive to Plaintiffs' businesses and considered to be arbitrary or suggestive marks.

38. Defendants have also elected to enter into a competitive business with Plaintiffs and Defendants deliberately chose the name of "Tom's Dim Sum Mania", which closely resembles Plaintiffs' name of "Tom's Dim Sum", and by which Plaintiffs have become known and have used for many years.

39. Plaintiffs' use of the name of "Tom's Dim Sum" is also so associated with Plaintiffs' restaurants that Defendants' use of the name of "Tom's Dim Sum Mania" constitutes a clear representation that Defendants' food and foodstuffs are associated with Plaintiffs.

40. Defendants' use of the name "Tom's Dim Sum Mania" also fails to adequately identify itself as distinct from Plaintiffs' name of "Tom's Dim Sum".

41. Defendants' use of the name "Tom's Dim Sum Mania" also falsely represents to the public that Defendants' "Tom's Dim Sum Mania" is associated with, and part of, Plaintiffs' restaurants operating as "Tom's Dim Sum".

42. Consumers have also contacted Defendants' "Tom's Dim Sum Mania" and ordered food believing that they were contacting and ordering food from House's "Tom's Dim Sum".

43. There is also clearly no doubt that Defendants have created a great likelihood of confusion by operating a restaurant and using the name "Tom's Dim Sum Mania" only approximately 20 feet from House's "Tom's Dim Sum".

44. As shown in WTXF-FOX 29 Philadelphia's *Delco Turf Battle: Owner of 'Tom's Dim Sum Mania' opens up new restaurant 20 feet away from his former partner of 'Tom's Dim Sum Media'*, the instances of actual confusion among the public are also clear and well documented with statements in the video/story such as "*these days on State Street in Media, you would think that you are seeing double*", "*why is there another Tom's Dim Sum?*" and "*I was really confused*".

## COUNT II
## UNFAIR COMPETITION

45. Plaintiffs hereby incorporate the preceding paragraphs by reference as though the same are fully set forth herein.

46. Defendants have opened, and continue to operate, a restaurant under the name of "Tom's Dim Sum Mania" only approximately 20 feet from House's "Tom's Dim Sum", which services and offers the same type of food and foodstuffs as House's "Tom's Dim Sum" for the deliberate purpose of misleading, deceiving and defrauding the public as well as stealing away House's business and unfairly diverting House's customers to Defendants' "Tom's Dim Sum Mania".

47. By using the name, and operating as, "Tom's Dim Sum Mania", Defendants are also clearly engaging in unfair competition with Plaintiffs by unnecessarily creating and increasing confusion between Plaintiffs' "Tom's Dim Sum" and Defendants' "Tom's Dim Sum Mania".

48. By using the name, and operating as, "Tom's Dim Sum Mania", Defendants are also clearly engaging in unfair competition with Plaintiffs by "passing off" their food and foodstuffs as the food and foodstuffs of Plaintiffs' "Tom's Dim Sum".

49. By using the name, and operating as, "Tom's Dim Sum Mania", Defendants are also clearly engaging in unfair competition with Plaintiffs by attempting to deceive the public that Plaintiffs' restaurants operating as "Tom's Dim Sum" and Defendants' restaurant operating as "Tom's Dim Sum Mania" are the same or associated with each other.

50. By using the name, and operating as, "Tom's Dim Sum Mania", Defendants are also clearly engaging in unfair competition with Plaintiffs by misappropriating Plaintiffs' use of the name "Tom's Dim Sum" and trading on Plaintiffs' business reputation and goodwill.

### COUNT III
### VIOLATION OF THE PENNSYLVANIA TRADEMARK ACT (11 Pa.C.S. §§ 1101 et seq.)

51. Plaintiffs hereby incorporate the preceding paragraphs by reference as though the same are fully set forth herein.

52. As already set forth herein, for many years, in the Philadelphia metropolitan area, the public has recognized both of Plaintiffs' restaurants as "Tom's Dim Sum".

53. Plaintiffs' use of the name "Tom's Dim Sum" is also highly distinct.

54. Defendants have also opened, and continue to operate, a restaurant under the name of "Tom's Dim Sum Mania" only approximately 20 feet from House's "Tom's Dim Sum", which services and offers the same type of food and foodstuffs as House's "Tom's Dim Sum" for the deliberate purpose of confusing and deceiving the public and having Plaintiffs' customers contact Defendants' "Tom's Dim Sum Mania" under the mistaken belief that they are contacting and ordering food from House's "Tom's Dim Sum".

55. By using the name, and operating as, "Tom's Dim Sum Mania", especially only approximately 20 feet from House's "Tom's Dim Sum", Defendants are also lessening Plaintiffs' capacity to use the name "Tom's Dim Sum" to identify and distinguish Plaintiffs' food and foodstuffs from the food and foodstuffs of other restaurants.

56. By using the name, and operating as, "Tom's Dim Sum Mania", especially only approximately 20 feet from House's "Tom's Dim Sum", Defendants are also diluting Plaintiffs' distinctive use of the name "Tom's Dim Sum".

COUNT IV
MISAPPROPRIATION OF PLAINTIFFS' PUBLICITY

57. Plaintiffs hereby incorporate the preceding paragraphs by reference as though the same are fully set forth herein.

58. Plaintiffs have exclusive entitlement to control the commercial value of using "Tom's Dim Sum" as the name for their restaurants and to prevent other parties from exploiting the use of their name "Tom's Dim Sum" without their permission.

59. However, by using the name, and operating as, "Tom's Dim Sum Mania", Defendants are violating Plaintiffs' right of publicity by appropriating Plaintiffs' valuable business name of "Tom's Dim Sum", without Plaintiffs' authorization, and Defendants are using the words "Tom's Dim Sum" to Defendants' commercial advantage.

DEMAND FOR RELIEF

Based upon the foregoing, Plaintiffs respectfully request the following relief:

i) That this Court enter preliminary injunctive relief (a) enjoining Defendants from using the words "Tom's" or "Tom's Dim Sum" or any combination thereof for any enterprise or activity, commercial or otherwise, including, but not limited to, at the restaurant located at 17-19 E. State Street, Media, Pennsylvania 19063, and for any other purposes, including, but not limited to, for any marketing, advertising, signage and/or identification purposes, (b) requiring Defendants to cease all marketing, advertising and/or identification using the words "Tom's" or "Tom's Dim Sum" or any combination thereof at the restaurant located at 17-19 E. State Street, Media, Pennsylvania 19063 and (c) requiring Defendants to remove all signage and identification containing the words "Tom's" or "Tom's Dim Sum" or any

9

    combination thereof at the restaurant located at 17-19 E. State Street, Media, Pennsylvania 19063;

ii) That this Court's preliminary injunction remain in effect until a trial on the merits can be held, and at which time Plaintiffs can request that this Court enter permanent injunctive relief;

iii) That Defendants account to this Court and to Plaintiff for Defendants' sales at the restaurant located at 17-19 E. State Street, Media, Pennsylvania 19063;

iv) That this Court enter judgment in favor of Plaintiffs and against Defendants for all damages that Plaintiffs may be entitled pursuant to 15 U.S.C. § 1117(a) and 15 U.S.C. § 1117(b) and under the laws of the Commonwealth of Pennsylvania, including, but not limited to, in an amount equal to Defendants' profits or such other sum as this Court may find to be just under the circumstances, Plaintiffs' lost profits, the costs incurred by Plaintiffs in pursuing this action, Plaintiffs' reasonable attorneys' fees and treble damages, and such other amounts and damages to be awarded to Plaintiffs that this Court shall find to be just; and

v) That this Court grant such other and further relief as it shall deem just and proper.

        Respectfully Submitted,

        /s/ James L. Pearl
        James L. Pearl, Esquire
        Attorney I.D. No. 82374
        1500 John F. Kennedy Boulevard, Suite 900
        Philadelphia, Pennsylvania 19102
        (215) 586-4422
        Attorney for Plaintiffs Philly Dim Sum
        Garden, Inc. and Dim Sum House, Inc.